IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEME AG,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC., WATSON PHARMA, INC., and ACTAVIS, INC.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01112-RGA<br>Case No. 1:13-cv-00371-RGA |

## [PROPOSED] FINAL JUDGMENT

This matter having come before the Court for trial on the merits of all remaining issues in the above-captioned cases, namely to resolve the questions of whether Defendants Watson Laboratories, Inc., Watson Pharma, Inc. and Actavis, Inc. (collectively "Watson") infringe claims 3, 7, 13, 16 and 18 of U.S. Patent No. 6,335,031 ("the '031 Patent") and claims 2 and 7 of U.S. Patent No. 6,316,023 ("the '023 Patent"), and whether those claims are invalid by reason of obviousness; and the Court having heard the testimony of the fact and expert witnesses and having considered the documentary evidence and depositions submitted by the parties; and the Court having reviewed the post-trial briefs of the parties;

**IT IS ORDERED AND ADJUDGED,** for the reasons set forth in the Court's Trial Opinion dated June 18, 2014 (1:11-cv-01112-RGA, D.I. 40), that Final Judgment is hereby entered in District of Delaware Civil Action No. 1:11-cv-01112-RGA ("the 1112 suit") in favor

of Plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG (collectively "Plaintiffs") and against Watson, finding that the rivastigmine transdermal products, 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths, that are the subject of Watson's Abbreviated New Drug Application ("ANDA") No. 202119 infringe claims 3, 7, 13, 16 and 18 of the '031 Patent and claims 2 and 7 of the '023 Patent, and that those claims are valid and not obvious; and it is further

**ORDERED AND ADJUDGED**, in view of Plaintiffs' and Watson's representations to the Court in connection with Watson's motion to deconsolidate the 1112 suit from District of Delaware Civil Action No. 1:11-cv-01077-RGA (1:11-cv-01077-RGA, D.I. 332 at 2; D.I. 371 at 3-4) that the issues in the 1112 suit are "identical" to the issues in District of Delaware Civil Action No. 1:13-cv-00371-RGA ("the 371 suit") and that the outcome in the 1112 and 371 suits "should be the same," that that Final Judgment is hereby entered in the 371 suit in favor of Plaintiffs and against Watson, finding that the rivastigmine transdermal product, 13.3 mg/24 hr dosage strength, that is the subject of Watson's ANDA No. 202119 infringes claims 3, 7, 13, 16 and 18 of the '031 Patent and claims 2 and 7 of the '023 Patent, and that those claims are valid and not obvious; and it is further

**ORDERED AND ADJUDGED** that Final Judgment is hereby entered in favor of Plaintiffs and against Watson on all counterclaims in the 1112 and 371 suits alleging and seeking declarations of no infringement and invalidity of the '031 Patent and/or the '023 Patent; and it is further

**ORDERED** that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any final approval by the United States Food and Drug Administration of Watson's ANDA No.

202119 under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355 (j)) for the drug products for which approval is sought therein shall be a date not earlier than the January 8, 2019 expiration date of the '031 and '023 Patents; and it is further

**ORDERED** that, pursuant to 35 U.S.C. § 271(e)(4)(B), Watson, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, are enjoined until the January 8, 2019 expiration date of the '031 and '023 Patents from engaging in the manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of any product covered by, or the manufacture or use of which is covered by, any claim of the '031 Patent or the '023 Patent; and it is further

**ORDERED** that the injunctive relief set forth in the two preceding paragraphs pursuant to 35 U.S.C. §§ 271(e)(4)(A) and 271(e)(4)(B) shall remain in full force and effect until the earliest of: (a) a further order of this Court modifying or vacating the injunctive relief; (b) a further order of the United States Court of Appeals for the Federal Circuit modifying, reversing or vacating the Court's judgment and/or injunctive relief to provide that Watson is not liable for infringement of any valid, asserted claim, or that all of the asserted claims are invalid; (c) the January 8, 2019 expiration date of the '031 and '023 Patents; and it is further

**ORDERED** that, in the event that Watson appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED** that, in the event that Watson does not appeal this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1

and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

Dated this 4th day of Aug, 2014

_____
Honorable Richard G. Andrews
United States District Court Judge